FILED

2016 MAR 11   AM 10: 55

Th

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br>Booking #15780644,<br><br>                              Plaintiff,<br><br>            v.<br><br>COUNTY OF SAN DIEGO, et al.<br>                              Defendants. | Case No.:  3:16-cv-0339 WQH (BGS)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, David B. Turner, Jr., currently incarcerated at George Bailey Detention Facility ("GBDF"), in San Diego, California, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF Doc. No. 1.

Plaintiff claims the County of San Diego, and several unidentified San Diego County Sheriff's Department deputies, violated his right to privacy by conducting an "x-ray" and visual cavity search of his person at the San Diego Central Jail ("SDCJ") on

1

September 27, 2015, after he was arrested and booked for misdemeanor offenses. *See* Compl. at 3, 5. Plaintiff also claims he was hand-cuffed too tightly, and was "subjected to overcrowded cell living" while in custody. *Id.* at 4. Plaintiff further contends that after he was released on October 1, 2015, he went to City Police Department to retrieve personal property seized at the time of his arrest, but several personal items were not returned and the City "claims they don't know what happened to [his] things." *Id.* at 6. Plaintiff seeks injunctive relief preventing the County and SDCJ officials "from disregarding prisoners' rights," as well as general and punitive damages for his pain and suffering. *Id.* at 9.[1]

Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2).

## I.    Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

---

[1]    The Court takes judicial notice that Plaintiff has several other civil rights actions currently pending before this Court, most of which also involve claims of excessive force, the denial of medical care, and unconstitutional conditions of confinement against the City and County of San Diego and County Sheriff's Department officials, but arising during previous periods of arrest, detention, or incarceration in 2013. *See, e.g., Turner v. San Diego Central Jail, et al.*, S.D. Cal. Civil Case No. 3:13-cv-1133-WQH-BGS (filed on May 10, 2013); *Turner v. City of San Diego Police Dept., et al.*, S.D. Cal. Civil Case No. 3:13-cv-2124-DMS-JMA (filed Sept. 10, 2013); and *Turner v. County of San Diego, et al.*, S. D. Cal. Civil Case No. 3:14-cv-2003-JAH-JLB (filed Aug. 25, 2014).

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

/ / /

/ / /

3

## II.    Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff claims that on September 27, 2015, his right to privacy was violated during a SDCJ's booking procedure, he was cuffed too tightly, and later placed in an "overcrowded cell" with two other inmates. *See* Compl. at 1-5. Plaintiff also claims the City of San Diego either lost or failed to return personal property which was presumably confiscated when he was arrested on September 27, 2015. *Id.* at 6. Nothing in his Complaint suggests danger of serious physical injury of any kind which may be plausibly construed as "imminent" or "ongoing" when he filed his Complaint in this case, from GBDF, in February 2016. *Cervantes*, 493 F.3d at 1055, 1056-57.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, David B. Turner, Jr., currently identified as San Diego County Sheriff's Department Booking No. 15780644,[2] while incarcerated, has brought more than three prior civil actions and appeals which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

---

[2]  A review of David B. Turner Jr.'s previous cases in PACER shows he has also been previously identified as CDCR Inmate # G-30643, and as San Diego County Inmate Booking #13719099.

4

1    They are:

2    1)    *Turner v. Metropolitan Transit System, et al.*, Civil Case No. 3:09-cv-00770-

3    L-POR (S.D. Cal. Nov. 11, 2009) (Order denying amended motion to proceed IFP and

4    dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C.

5    § 1915(e)(2)(B) and § 1915A(b)) (ECF Doc. No. 6) (strike one);

6    2)    *Turner v. Corporal Saunder (7294), et al.*, Civil Case No. 3:13-cv-01368-

7    MMA-DHB (S.D. Cal. June 18, 2013) (Order dismissing action as frivolous pursuant to

8    28 U.S.C. § 1915A(b) and denying motion to proceed IFP as moot) (ECF Doc. No. 3)

9    (strike two);

10   3)    *Turner v. County of San Diego, et al.*, Civil Case No. 3:13-cv-2288-LAB-

11   RBB (S.D. Cal. July 11, 2014) (Order sua sponte dismissing First Amended Complaint

12   for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) &

13   § 1915A(b) (ECF Doc. No. 7); (Nov. 11, 2014, 9th Circuit USCA, No. 14-56249) (Order

14   denying appellant's motion to proceed IFP "because we find that there is no non-

15   frivolous issue presented in this appeal") (ECF Doc. No. 13) (strike three); and

16   4)    *Turner v. San Diego County, et al.*, Civil Case No. 3:13-cv-02729-JLS-PCL

17   (S.D. Cal. Nov. 19, 2014) (Order granting IFP and sua sponte dismissing First Amended

18   Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

19   § 1915A(b)(1)) (ECF Doc. No. 13); (March 20, 2015 Order dismissing case in its entirety

20   for failing to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

21   § 1915A(b)(1) and for failing to prosecute pursuant to FED. R. CIV. P. 41(b) in

22   compliance with Court Order requiring amendment) (ECF Doc. No. 14); (July 30, 2015

23   9th Circuit USCA, No. 15-55544) (Order denying appellant's motion to proceed IFP

24   "because we find that the appeal is frivolous") (ECF Doc. No. 20) (strike four).

25   Accordingly, because Plaintiff has, while incarcerated, accumulated at least four

26   "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he

27   faced imminent danger of serious physical injury at the time he filed his Complaint, he is

28                                     5

not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III. Conclusion and Order**

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 3/10/16

HON. WILLIAM Q. HAYES
United States District Judge